**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-21077
Summary Calendar

_____

S.J. WILBURN,

Plaintiff-Appellant,

VERSUS

TOMMY SHANE; ONE UNKNOWN PASADENA POLICE OFFICER; TOMMY THOMAS;
ONE UNKNOWN SHERIFF'S DEPARTMENT SERGEANT/LIEUTENANT; ONE UNKNOWN
PASADENA POLICE OFFICER OR JAILER (POLICE OFFICER #2),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-236)
_____

August 20, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Texas prisoner S.J. Wilburn instituted this civil rights action under 42 U.S.C. § 1983 against Pasadena Chief of Police Tommy Shane, Harris County Sheriff Tommy Thomas, and persons unknown, alleging the use of excessive force. Wilburn also alleged that defendants Shane and Thomas maintained unconstitutional policies with regard to the handling of inmates experiencing medical emergencies and with regard to the use of wheelchairs without footrests. The district court dismissed the suit, finding no evidence in the record to support Wilburn's allegations.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilburn appeals.

Wilburn presented no summary judgment evidence that defendants Shane and Thomas maintained unconstitutional policies regarding the handling of inmates experiencing medical emergencies or the use of wheelchairs without footrests. Therefore, the district court correctly granted summary judgment in favor of these defendants.

Furthermore, based on the objective factors of Wilburn's medical records, which show no evidence of any injuries consistent with his allegations of excessive force, Wilburn's allegations are implausible. See Wesson v. Oglesby, 910 F.2d 278, 281-82 (5th Cir. 1990). It is implausible that the hospital would not have recorded the severe injuries Wilburn alleged he received. Thus, the district court properly granted the motion for summary judgment as to all defendants.

Wilburn also claims that the district court improperly denied his motion to amend his complaint and his requests for additional discovery time. Because the objective medical evidence renders Wilburn's allegations implausible, the district court did not err in denying Wilburn's motion to amend his complaint or his requests for additional discovery time.[2]

AFFIRMED.

---

[2] Wilburn's motion for expedited appeal is denied as moot.